1
2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

3

4   Studio B, Inc.,                                )
5   3177 Stanley Rd.                               )   Case No.
    Fairlawn, Ohio 44333,                          )
6                                                  )   Judge
    and,                                           )
7                                                  )   Magistrate
    E. Louis Petit, Sr.,                           )
8   3177 Stanley Rd.                               )
    Fairlawn, Ohio 44333,                          )
9                                                  )
               Plaintiffs,                         )
10                                                 )
11          v.                                     )
                                                   )
12  Chris Fallows,                                 )   **COMPLAINT FOR**
    c/o Marzouk & Parry PLLC                       )   **DECLARATORY JUDGMENT**
13  1050 Connecticut Ave., N.W., Ste. 500          )   **REGARDING ALLEGED**
    Washington, DC 20036,                          )   **INFRINGEMENT OF A COPYRIGHT,**
14                                                 )   **AND FOR INDEMNIFICATION AND**
    and,                                           )   **CONTRIBUTION**
15                                                 )
16  Marzouk & Parry PLLC                           )   *(Jury Demand Endorsed Hereon)*
    1050 Connecticut Ave., N.W., Ste. 500          )
17  Washington, DC 20036,                          )
                                                   )
18  and,                                           )
19                                                 )
    Joseph Carron,                                 )
20  Charron Design                                 )
    233 Saint Paul Street, #2                      )
21  Burlington, Vermont 05401,                     )
                                                   )
22             Defendants.                         )

23

24

25          NOW COME the Plaintiffs, *Studio B, Inc. and E. Louis Petit, Sr.*, and for their Complaint

26  against the Defendants hereby allege and aver the following:

**THE PARTIES**

1. The Plaintiff, Studio B, Inc., is a corporation organized under the laws of Ohio, and has its principal place of business in Fairlawn, Ohio, which is in Summit County.  Studio B engages in the business of the wholesale selling of posters and print artwork to resellers, i.e., they supply storefronts and internet sellers with posters.  Studio B, Inc. received a copyright infringement letter alleging infringement and demanding compensation, which forms the basis for this action.

2. The Plaintiff, E. Louis Petit, Sr., is a corporate officer at Studio B, Inc.  Mr. Petit is a real person residing in Summit County.  The infringement and demand letter that was sent to Studio B, Inc. was also addressed to Mr. Petit.

3. The Defendant, Chris Fallows, upon information and belief, is a real person residing at 14 Thibault Walk, Marina Da Gama, Cape Town, 7945, South Africa.  Defendant Fallows is a photographer and owns a U.S. copyright registration, Reg. No. VA 1-876-736, which is a photograph of a shark.  The Defendants have made an allegation of infringement that Plaintiffs infringed Fallows' copyright.

4. The Defendant, Marzouk & Parry PLLC, upon information and belief, is a legal professional association with their principal place of business located in Washington, DC.  The Defendant has acted in concert with Fallows to allege copyright infringement and has demanded compensation from the Plaintiffs.  The ownership rights of the subject copyright between Chris Fallows and Marzouk & Parry PLLC is unknown to the Plaintiffs.

5. The Defendant, Joseph Charron, is a real person that operates a business of unknown type that does business as Charron Design.  The Plaintiffs purchased the subject shark design that

is allegedly infringing from Defendant Charron.  Charron created the allegedly infringing design.  Charron has advised to the Plaintiffs that the design was original as to him and that therefore it is not infringing of Fallows' copyright.  Charron is joined as a party in interest, and also since if the design is infringing, then Charron has a duty of indemnification and contribution for any alleged damages.

### JURISDICTION AND VENUE

6. There is an actual justiciable case or controversy pursuant to 28 U.S.C. § 2201 regarding the ownership, infringement, and validity of the Fallows' copyright.  A judicial declaration on these issues is necessary and appropriate at this time so that the Plaintiffs may ascertain its rights and duties with respect to their alleged infringement of the Fallows' copyright.

7. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 2201, 2202, *et seq.*, and as a declaratory judgment action arising under the copyright laws, Title 17 of the United States Code.

8. In addition, or in alternative to this Court's federal question jurisdiction, this Court also has subject matter jurisdiction pursuant to diversity of citizenship principles as this case involves parties from different states (Plaintiffs are citizens of Ohio, and Defendant Fallows is a citizen of South Africa), and the amount in controversy exceeds $75,000.

9. This Court has personal jurisdiction over the Defendants by virtue of the Defendants' conduct within the State of Ohio, within this judicial district.  The Defendants have issued an infringement demand letter to the Plaintiffs at its offices in Fairlawn, Ohio, within this judicial district, which invokes personal jurisdiction in the Northern District of Ohio.

10. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

11. On April 19, 2022, the Defendants, Fallows, and Marzouk & Parry PLLC, sent the Plaintiffs a copyright infringement demand letter. <u>(See a true and accurate copy of the copyright infringement demand letter attached hereto and incorporated herein by reference.)</u>

12. In their letter, the Defendants alleged infringement of Fallows Copyright Reg. No. VA 1-876-736. The letter alleged ownership, and infringement, and demanded a licensee fee of $25,250, and alleged that "the copyright registration entitles Mr. Fallows to actual damages or statutory damages of up to $150,000." (See, Copyright Infringement letter at Pg. 4.)

13. After the April 19 communication, the parties have had follow-up communications in writing, at least on April 28 and 30th, and May 13, 19, 20, and 26th, and June 7, 14, 16, 21, 22, and 23rd. The Defendants have continued to allege infringement and demand compensation in all follow-up communications.

14. Given that the Defendants have clearly alleged infringement and threatened litigation, the Plaintiffs file this action to ascertain their rights with respect to ownership, noninfringement, and the invalidity of the Fallows' copyright.

**CLAIM NO. 1**
*(Declaratory Judgment)*

15. The Plaintiffs hereby incorporate by reference each statement, whether written above or below, as if each is fully re-written herein.

16. This claim arises under the Declaratory Judgment Act, 28 USC § 2201 *et seq.*, and the copyright laws of the United States, Title 17 of the United States Code, *et seq.* and seeks a declaratory judgment concerning ownership, infringement (copying or lack thereof), and validity of the Fallows' asserted copyright.

17. The Declaratory Judgment Act states that "in a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.

18. "[T]he central purpose of the Declaratory Judgment Act ... is to provide the opportunity to clarify rights and legal relationships without waiting for an adversary to file suit." *Fireman's Fund Ins. Co. v. Ignacio*, 860 F.2d 353, 354 (9th Cir.1988).

19. The statute is an "enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant" to have a case heard in federal court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)).

20. [I]n the context of a declaratory judgment action, "the normal position of the parties is reversed; therefore, we do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question." *Hudson Ins. Co. v. Am. Elec. Corp.,* 957 F.2d 826, 828 (11th Cir.1992). "Instead, this court must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law." *Id.* The inquiry is thus "whether, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court. To do this, we analyze the assumed coercive action by the declaratory judgment defendant." *Gulf States Paper Corp. v. Ingram,* 811 F.2d 1464, 1467 (11th Cir.1987), *abrogated on other*

*grounds by King v. St. Vincent's Hosp.,* 502 U.S. 215, 217, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991); *see also* 22A Am.Jur.2d Declaratory Judgments § 202 (2003).

21. Federal question jurisdiction "exists in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant *could* file a coercive action arising under federal law." *Household Bank,* 320 F.3d at 1251 (emphasis added); *Stuart Weitzman, LLC v. Microcomputer Res., Inc.,* 542 F.3d 859, 862 (11th Cir.2008).

22. "[A] determination of copyright ownership based on a disputed allegation of co-authorship presents a federal question that arises under, and must be determined according to, the Copyright Act." *Cambridge Literary Props.,* 510 F.3d at 86; *see, e.g., Gaiman,* 360 F.3d at 652–53 (holding that a question of ownership based on authorship of comic book characters arose under the Copyright Act).

23. The Copyright Act gives copyright owners the exclusive rights to reproduce, prepare derivative works from, distribute, and publicly perform or display a copyrighted work. *See* 17 U.S.C. § 106. "To the ends of protecting these rights, the Act allows the legal or beneficial owner of an exclusive right under a copyright ... to institute an action for any infringement of that particular right." *Fogerty v. MGM Grp. Holdings Corp.,* 379 F.3d 348, 352 (6th Cir.2004) (internal quotations and citations omitted).

24. "There are two essential questions at the heart of any copyright infringement action: whether the plaintiff owned the copyrighted work and whether the defendant copied it." *Bridgeport Music, Inc. v. UMG Recordings, Inc.,* 585 F.3d 267, 274 (6th Cir.2009).

25. In this case, the Defendants clearly have threatened the Plaintiffs with copyright infringement.

26. The cause of action anticipated by the Plaintiffs' request for a declaratory judgment arises under federal copyright law.

27. Given the serious legal allegations and ability of the Defendants to sue the Plaintiffs under federal law, the Plaintiffs bring this case to determine their rights and responsibilities.

28. The Plaintiffs request a declaratory judgment concerning ownership, copying, and validity of the Fallows' copyright.

29. Furthermore, Plaintiffs request a declaratory judgment that the allegedly infringing design does not infringe Fallows' copyright.

## **CLAIM NO. 2**
*(Contribution, and Indemnification)*

30. The Plaintiffs hereby incorporate by reference each statement, whether written above or below, as if each is fully re-written herein.

31. The allegedly infringing shark design outlined in the Defendants' copyright infringement letter was not created by the Plaintiffs.

32. The Plaintiffs purchased the design from a designer, to wit: Defendant Joseph Charron of Charron Design.

33. Joseph Charron maintains that he created the allegedly infringing design and that it is not a copy of Fallows' copyright.  (See, email from Charron dated May 19, 2022 in which Charron says "the shark shakedown is a scam," attached hereto and incorporated herein by reference.)

34. The Plaintiffs and Charron have contractual agreements on indemnity and contribution.

35. If the allegedly infringing design is found to be infringing, and if the copyright is valid, in that event, Defendant Charron is liable to the Plaintiffs for any amounts the Plaintiffs may be liable to Charron.

36. Charron is joined as a party-in-interest and as a necessary party under joinder laws.

## **PRAYER FOR RELIEF / REQUEST FOR REMEDIES**

WHEREFORE, the Plaintiffs pray that this Court enters an Order in favor of the Plaintiffs and against the Defendants, including, *inter alia*:

A) A declaratory judgment concerning the ownership, non-copying (non-infringement), and invalidity of Charron's copyright and concerning the allegedly infringing design;

B) A declaratory judgment of non-infringement;

C) Alternatively, a declaration of indemnity and contribution from Charron to Plaintiffs;

D) An Award of Attorney's Fees, and,

E) Any further relief in law or equity that this honorable Court deems just and appropriate.

## **JURY DEMAND**

WHEREFORE, the Plaintiffs requests a trial by jury on all issues so triable by the maximum number of jurors permitted by law.

1

2

Most Respectfully Submitted,

3

4

_s/ David A. Welling_

5

**DAVID A. WELLING (0075934)**

CHOKEN | WELLING LLP

6

3020 W. Market Street

Akron, Ohio 44333

7

Tel.     (330) 865-4949

Fax     (330) 865-3777

8

davidw@choken-welling.com

9

*Counsel for the Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26